UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL  INSURANCE  COMPANY, and
GEICO CASUALTY CO.,

                                    Plaintiffs,          TEMPORARY RESTRAINING
                                                          ORDER
                    - versus -                            11-CV-4667

BULENT AKPINAR, D.D.S. a/k/a BILL
AKPINAR, D.D.S., and NORTH SHORE
CRANIOFACIAL CARE P.C.,

                                    Defendants.

JOHN GLEESON, United States District Judge:

           At a court appearance earlier today, a schedule was set for Plaintiffs' motion for an

order directing (1) the attachment of Defendants' property up to the amount of $1,305,000; and (2)

Defendants to disclose their real and personal property to Plaintiffs' counsel.

           Because I find that Plaintiffs are likely to prevail on the merits of this action for a

money judgment and that Defendants, with intent to defraud their creditors or frustrate the

enforcement of a judgment that might be rendered in Plaintiffs' favor, have assigned, disposed of,

encumbered, or secreted property, or removed it from the state, or are about to do one or more of those

acts:

           **IT IS ORDERED** that, pending the hearing and disposition of Plaintiffs' motion,

Defendants Bulent Akpinar, D.D.S. a/k/a Bill Akpinar, D.D.S., and North Shore Craniofacial Care,

P.C., their agents, servants, attorneys, and all other persons and entities over which they have control

or are acting on their behalf are prohibited from transferring, encumbering, dissipating, or wasting any

assets for the purpose of circumventing any future judgment in this case.

Notwithstanding the foregoing, this Order shall not prevent: (1) Defendants from instructing any garnishee to sell any or all securities maintained by such garnishee in any of Defendants' accounts or to convert the whole or any part of such account to cash; or (2) such garnishee from complying with such request, provided that neither Defendants nor such garnishee shall be permitted to withdraw any funds or securities from any such account.  Nor shall this Order preclude: (1) Akpinar from making reasonable personal expenditures of less than $2,500; or (2) North Shore Craniofacial Care, P.C., from making reasonable corporate expenditures of less than $5,000. However, expenditures exceeding those amounts may be made only with pre-approval of the Court.

The Plaintiffs shall post $30,000 in cash or in the form of a bond to the Clerk of the Court as security.

The terms of this injunction may be revisited tomorrow, September 13, 2012, at 2 p.m., at which time Akpinar will appear personally before the Court pursuant to an order issued earlier today.

So ordered.


John Gleeson, U.S.D.J.

Dated:  September 12, 2012
         Brooklyn, New York