UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

<u>NOT FOR PUBLICATION</u>

---

GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY, and GEICO CASUALTY CO.,

                                Plaintiffs,

- versus -

BULENT AKPINAR, D.D.S. a/k/a BILL AKPINAR, D.D.S., and NORTH SHORE CRANIOFACIAL CARE P.C.,

                                Defendants.

<u>ORDER OF PRE-JUDGMENT ATTACHMENTAS AGAINST BULENT AKPINAR, D.D.S. a/k/a BILL AKPINAR, D.D.S., and NORTH SHORE CRANIOFACIAL CARE P.C</u>  
11-CV-4667

---

JOHN GLEESON, United States District Judge:

        Pursuant to Fed. R. Civ. P. 64 and Sections 6201(3) and 6212 of the New York Civil Practice Law and Rules, I find that (1) Plaintiffs have apparently meritorious causes of action that would entitle them to a money judgment against Defendants Bulent Akpinar, D.D.S. a/k/a Bill Akpinar, D.D.S. and North Shore Craniofacial Care, P.C. (collectively the "Defendants"); (2) it is probable that the Plaintiffs will succeed on the merits of their claims; (3) that the monetary amount demanded from Defendants exceeds any counterclaims known to the Plaintiffs; and that (4) grounds for attachment exist insofar as this Court finds it probable that Defendants, with intent to defraud the Plaintiffs or frustrate the enforcement of a judgment that might be rendered in the Plaintiffs' favor, have assigned, disposed of, encumbered or secreted property, or removed it from the state, or are about to do any of these acts.

        Accordingly, it is hereby ORDERED that the amount to be secured by this Pre-Judgment Order of Attachment shall be $1,305,000.00 plus the legal rate of interest thereon from September 28, 2012, and United States Marshals Service's fees and expenses, and it is further

ORDERED that, pursuant to Fed. R. Civ. P. 64 and C.P.L.R. §§ 6210 & 6211(a), the United States Marshals Service in the Eastern District of New York or of any district in the State of New York shall levy, at any time before final judgment, upon the joint or respective assets of Defendants Bulent Akpinar, D.D.S. a/k/a Bill Akpinar, D.D.S. and North Shore Craniofacial Care, P.C., including but not limited to real property, bank accounts, brokerage accounts, accounts receivable, cash, stocks, bonds, motor vehicles, and boats, any debt owed to Defendants, or any bank or investment accounts and investments, including commercial paper, which any third party keeps in trust or possession for the benefit of Defendants, as will satisfy the above-stated amount to be secured by this Order of Attachment; and it is further

ORDERED that, in the event that any prospective garnishees are in possession of property in which Defendants have an interest or owing debts to the Defendants named in this action, that service of a copy of this Order by Federal Express overnight delivery be deemed good and sufficient service; and it is further

ORDERED that service of a copy of this Order on Edward J. Grossman Esq., counsel for Defendants at the Law Offices of Edward J. Grossman, 135 West Main Street, Suite 204, Smithtown, NY 11787 and to the home address of Bulent Akpinar, D.D.S. a/k/a Bill Akpinar, D.D.S., at 11 Eastland Drive, Glen Cove, NY 11542, by Federal Express overnight delivery, on or before October 5, 2012, be deemed good and sufficient service, and it is further

ORDERED that, pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6218, the United States Marshal in the Eastern District of New York or of any district in the State of New York (or any substitute custodian appointed by such Marshal, subject to court approval) shall hold and safely keep all property or debts paid, delivered, transferred or assigned or taken custody to answer any judgment that may be obtained against the Defendants in the action, unless otherwise directed by the

court, subject to the payment of the Marshal's fees and expenses, and any money shall be held for the benefit of the parties to the action in an interest-bearing trust account at a national or state bank or trust company; and it is further

ORDERED that pending the final resolution of this action, the Temporary Restraining Order entered by this Court on September 12, 2012 shall remain in effect.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 28, 2012
Brooklyn, New York

3